Per Curiam.
 

 Kendrick commenced two suits in ejectment, in the Circuit Court for Maury County. At the return term, the defendant in each suit filed an affidavit, stating, * that he claimed the land in dispute by virtue of a grant issued by the State of North Carolina to Richard Dallum, dated the 7th of April, 1790, and a deed from Dallum to himself; that the title
 
 *603
 
 set up by Kendrick is by virtue of a grant issued by the State of Tennessee, and calls on Kendrick to declare whether such be not the fact; that-the land in dispute is worth more than f500, exclusive of costs; and prayed that the cause be removed to the Circuit Court of the United States for the district of West Tennessee. In each case the defendant tendered bond and security. A contest arising respecting the value of the land in dispute, the Circuit Court of Maury County examined several witnesses, and in the suit against Thompson it appeared that the land claimed by the plaintiff in his declaration was of much greater value than $500, but it did not appear that the part of it claimed by the defendant was worth that sum, and thereupon refused to transfer the cause to the Circuit Court of the United States. To this opinion the defendant excepted. The cause was finally decided against the defendant. The only error assigned in this court is,
 
 the refusal
 
 to transfer the cause to the federal court. The Constitution of the United States declares that the judicial power of the Union shall extend to cases “ between citizens of the same State, claiming lands under grants from different States.” The manner of carrying into effect this provision of the Constitution, is prescribed by act of Congress, 1789, ch. 20, § 12. The defendant below performed all the requisites of that act, as far as depended on him. The act says the value must appear to the satisfaction of the court; there was nothing wrong, therefore, in calling witnesses to ascertain the value. Whichever of the parties wishes to remove the cause, must produce his grant. Here the application was made by the defendant. He exhibited his title. It did not appear that the land claimed by him was worth $500. This, as * to him, was the, only matter in dispute, and it would seem more reasonable and agreeable to the words of the law, to let the removal depend on the value of the land claimed by the party praying the removal, than on the title set up by his antagonist.- It is said that, in similar cases, the value in the federal courts has been ascertained by the sum demanded in the declaration. This, in the cases alluded to, was probably done for want of any other proper criterion to determine the value in dispute. If, however, the federal courts shall have decided contrary to this mode of ascertaining the value, we should probably acquiesce, and consider them to be the best interpreters of the Constitution and laws of the
 
 *604
 
 United States. But it is believed that the Circuit Court of Maury might have given another conclusive reason for the refusal to transfer the cause. The grants in this case do not seem'to be within the meaning and intention of the framers of the Constitution. The State of Tennessee, in issuing grants, does not act by virtue of her sovereignty as a State. She was an independent State many years before she had a right to issue grants for lands.
 

 She acts only by virtue of a power delegated by North Carolina to perfect titles, which before the separation were inaccurate and imperfect. The session act of 1789, ch. 3, and the compact ratified by Tennessee, 1804, ch. 14, new modeled and restrained as to bounds by act of Congress assenting to the compact, ratified 1806, ch. 10, will show the correctness of these remarks. The grants issued by this State, under this authority, do not emanate by virtue of the sovereign power of any independent State, but by authority of the compact with North Carolina, on the terms on which the assent of Congress was obtained and the acceptance of the power delegated, manifested by a ratification of those acts, and by executing the power. And therefore the grants now exhibited may be considered as grants of the same State, whenever the question of jurisdiction occui-s.
 

 * But it is said the Supreme Court of the United States decided this question. If so, as was before said, they must be considered as the best interpreters of the laws and Constitution of the United States, and with these decisions on this point the court is happy to acquiesce. On examining the case cited at the bar (9 Cranch, 292), it is found to differ very materially from this. The province of New Hampshire extended over that part of Vermont where the land in dispute in this case was situated. New Hampshire, in the charter of the town of Pawlet, granted one share for a glebe for the Church of England, as by law established. After the Revolution, and when Vermont was admitted into the Union as an independent State, she considered that grant a reservation and vested by the Revolution in the State, and by a legislative act vested the same in the town of Pawlet for the use of schools. There the State of Vermont acted in her sovereign capacity, and it would have been improper for the State court to have decided the question. If anything further be necessary to evince the propriety of affirming this judgment, it may be found on the record of the
 
 *605
 
 other case, where M‘Quary was defendant. The cases were precisely similar, except that it appeared to the satisfaction of the Circuit Court of Maury County, that the value of the land claimed by him, M‘Quary, exceeded 1500, and the cause was transferred to the Circuit Court of the United States. That- court decided that they had no right under the act of Congress to entertain jurisdiction of the cause, and that it ought not to have been transferred to them. They
 
 remanded
 
 it to the State court, and there it was finally tried and decided. Why this cause came here it is difficult to conjecture. If the defendant is dissatisfied with the decision of the federal court, he ought to have applied to that
 
 tribunal
 
 which has power to correct it, if wrong, but we have no right to make the inquiry. The plaintiff below was entitled to a trial somewhere ; the federal * court deny that they have jurisdiction ; the State courts must proceed. They have done so, and given judgment, and the judgments must be affirmed in both cases.
 

 See King’s Digest, 4013
 
 et seq.